*J. C. Hall*, contra.

--- * ❖ * ------

## LLOYD v. MCCLURE.

Where a verdict has been returned on matters of account, a new trial should not be granted, unless it is apparent that manifest injustice has been done.

A new trial should be granted, if the verdict is contrary to law, and the instructions of the court.

Unless the contrary appears, it will be presumed that the court exercised a
   sound discretion, in overruling a motion for a new trial.
Where a party enters credits upon the instrument sued on, it is not necessary
   for the defendant to prove them.
Affidavits of jurors, not admissible to explain their verdict.

### Error to Des Moines District Court.

*Opinion by* KINNEY, J.   McClure sued Lloyd before a
justice of the peace, upon an account amounting to sixty-
seven dollars and forty-three cents; upon which he had
given Lloyd a credit of eighteen dollars and sixty-seven
cents.

McClure recovered a verdict before the jury, for forty-
five dollars and seventy-six cents.   Lloyd appealed to the
district court of Lee county, from which he obtained a
change of venue to Des Moines, where the cause was tried,
and a verdict rendered in favor of McClure, for twenty-
five dollars, and twenty-five cents.   Lloyd filed his motion
for a new trial, which was over-ruled by the court.   This
ruling is assigned for error.   A bill of exceptions em-
bodying all the testimony was taken by the plaintiff in
error, from which it is contended that the verdict of the
jury was not authorized by the testimony submitted, and
hence the court should have granted a new trial.

When matters of account are submitted to a jury, and
a verdict rendered, judges should not disturb the verdict,
unless it is apparent that manifest injustice has been done.
By the wise policy of our laws, the jury are made the ex-
clusive judges of all the facts, and if by their verdict they
misapply the facts, or err in their conclusions, it should
be such an error as to produce irresistible conviction upon
the mind of the court, that the verdict is not the result of
a free, sound, and unbiased exercise of judgment upon
the testimony submitted, and that manifest injustice will
result from a judgment upon the verdict, before the judge
should interfere by putting the parties again to the ex-
pense and trouble of another trial.   While this is true in
relation to those cases involving merely matters of fact, in-

dependent of legal questions, it is equally true, that courts should not hesitate to grant new trials, when the verdict is contrary to law, and the instructions of the court, upon the law of the case. But even in such cases the court will not grant a new trial, unless the verdict will operate injuriously upon the party applying.

But in the case before us, the motion was predicated upon the ground, that there was not sufficient testimony to support the verdict. Unless the contrary appears, we must presume that the court exercised a sound discretion, in refusing the motion for a new trial. This court cannot take the place of a jury, and weigh the testimony, and decide that the preponderance is in favor of the plaintiff in error. If the court below erred upon a motion addressed to its sound discretion, in which was not involved any question of law, it may well be questioned, whether this court as a court for the correction of errors at law, can reverse on that account. At common law, the decision of a court upon an application addressed to its sound discretion, cannot be assigned for error. In the case of *Cook* v. *The United States*, 1, G. Greene 56; this court say: "To give the court jurisdiction of a cause on writ of error, the basis of the error being the decision of the court, upon a motion for a new trial, it must appear affirmatively upon the record, that the motion was based and decided upon some legal point contained in the motion for a new trial." This appears to be in accordance with the decisions in Illinois, before the common law was changed by statute. *Smith* v. *Shultz*, 1, Scam. 491.

But it was urged in the argument, that the jury did not allow Lloyd the credits that were given by McClure upon his bill of particulars. When a party enters credits upon the instrument sued on, whether it be a note or on account, the opposite party is not obliged to prove them. They stand admitted or confessed, and it would be a hardship upon the defendant, resting securely in the belief that testimony would not be necessary to prove the credits, if upon trial they were excluded. A party has a right to

presume it is not necessary to prove that which is admitted by written credits upon a paper, which constitutes the evidence of the plaintiffs right of action.

In this case the affidavits of the jurors were introduced in explanation of their verdict, and in relation to what items they had allowed, and what rejected. Jurors are not permitted in this manner to explain or justify a verdict. When their verdict has been attacked, they have in some instances been permitted to introduce affidavits in support of their verdict; but according to the settled doctrine, for no other purpose. These affidavits having been properly rejected by the court, there was not any evidence showing that the credits of Lloyd on McClure's bill were not allowed by the jury, and the presumption must be, that they were allowed and taken into consideration by them in making up their verdict. After having been entered by McClure, they were admitted and confessed, as much so as if he had orally acknowledged before the jury, that they were correct items of set off. It would certainly be a most violent presumption, to suppose that they were not allowed to Lloyd by the jury, and that they did not constitute a part of their verdict.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*M. D. Browning*, for defendant.